IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ARTHUR CORNELL, NONALEE CORNELL,
KATHY MAXWELL, LAURA McGLOTHLIN,
PATRICIA ROLEN, PENNY SHEPHERD,　　　No. 03:10-cv-00964-PK
and NORMAL WELLS,

　　　　　Plaintiffs,

　　v.　　　　　　　　　　　　　　　　　　　ORDER

NORTH WASCO COUNTY SCHOOL
DISTRICT NO. 21,

　　　　　Defendant.

HERNANDEZ, District Judge:

　　Magistrate Judge Papak issued a Findings and Recommendation (#45) on July 9, 2012, in which he recommends the Court grant in part and deny in part defendant's motion for summary judgment.

　　Defendant has timely filed objections to the Findings and Recommendation. The matter

1 - ORDER

is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered defendant's objections and conclude that there is no basis to modify the Findings and Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings and Recommendation.

Magistrate Judge Papak recommended that defendant's motion for summary judgment be granted as to claims based on defendant's 2007 hiring decisions or on any discrete adverse employment action occurring before October 27, 2007. Plaintiffs do not object to this recommendation. Next, Magistrate Judge Papak rejected plaintiffs' argument that defendant's 2008 policy treated pension status as a proxy for age such that the 2008 policy, as a matter of law, was per se discriminatory. Plaintiffs do not object to this recommendation.

Because of his conclusion that the 2008 policy was not per se discriminatory, Magistrate Judge Papak engaged in the well-known <u>McDonnell Douglas</u> burden shifting analysis used in evaluating employment discrimination claims in the face of a summary judgment motion. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Defendant does not argue that Magistrate Judge Papak erred in applying the <u>McDonnell Douglas</u> analysis to plaintiffs' claims.

The analysis begins with the requirement that plaintiffs establish a prima facie case of age discrimination. Findgs. & Rec. (F&R) at 13. Defendant makes no objection to Magistrate Judge Papak's conclusion that plaintiffs established a prima facie case, including making no objection

2 - ORDER

to Magistrate Judge Papak's rejection of defendant's argument that "substantially younger" individuals were not hired in place of plaintiffs. Id. at 13, 17-19.

Because plaintiffs met their prima facie burden, the burden of production shifted to defendant to show that its 2008 hiring decisions were based on a legitimate, nondiscriminatory reason. Id. at 13, 19. Defendant relied on the 2008 policy as its legitimate, nondiscriminatory reason for its failure to hire plaintiffs for positions in the 2008-2009 school year. Def.'s Mem. in Supp. of SJ Mot. at 13, 15-20 (noting, inter alia, that the policy was "valid," that the policy incorporated the Oregon Legislature's assessment of when a public employer's hiring of a PERS pensioner is in the public interest, and that defendant had legitimate, nondiscriminatory reasons for implementing the policy); Def.'s Reply Mem. in Supp. of SJ Mot. at 24 ("when an employer makes an employment decision pursuant to a policy, the employer can point to the existence of the policy as the legitimate non-discriminatory reason for the employment decision.. . . And, as long as the policy is not facially discriminatory, the existence of the policy will serve as a legitimate non-discriminatory reason for the employment decision. . . .The District has given the existence of its policy as the reason for not considering the plaintiffs' applications.") (citations and footnote omitted); Def.'s Objs. to F&R at 6 ("[t]he 'legitimate, nondiscriminatory reason' for the District administration's 'adverse hiring decisions' was the existence of the policy").

Despite Magistrate Judge Papak's acceptance of the 2008 policy as a legitimate, nondiscriminatory reason for the 2008 hiring decisions, defendant objects to Magistrate Judge Papak's description of defendant's argument on this issue. Although I need not address the argument because regardless of the description, and even while articulating concerns about defendant's "proferred rationale," Magistrate Judge Papak moved forward with the McDonnell

3 - ORDER

Douglas analysis, I note that in discussing defendant's legitimate, nondiscriminatory reason, Magistrate Judge Papak accurately paraphrased defendant's argument.

Defendant argued that "the hiring of PERS pensioners to only those jobs which are unique or hard to fill parallels the rationale behind the statutory limitations on PERS pensioners' ability to work full-time after retiring[.]" Def.'s Mem. in Supp. of SJ Mot. at 16. Defendant also argued that

> [t]he Oregon legislature has already decided that it is in the public's interest to keep a public employer from employing a PERS pensioner in a full-time job unless that job is hard to fill. In adopting the April 2008 policy, the District adopted and incorporated the Oregon legislature's assessment of when a public employer's employment of a PERS pensioner is in the public's interest.

Id.

Magistrate Judge Papak stated that defendant offered evidence that its 2008 policy was "adopted chiefly for the purpose of conforming more closely to the intent of the Oregon legislature in enacting Or. Rev. Stat. 238.032[,]" and that defendant argued that "its 2008 policy was intended to codify the proposition that it is in the 'public interest' (*see* Or. Rev. Stat. 238.082(1)) to hire a PERS pensioner to fill a position only where that position is unique or hard to fill." F&R at 19-20. There is nothing inaccurate about Magistrate Judge Papak's description of defendant's position.

Earlier in the F&R, Magistrate Judge Papak, in reciting the background facts to the dispute, described defendant's "position" regarding the adoption of the 2008 policy as contending that the 2008 policy was "intended to bring the District's hiring practices into compliance with the legislative intent underlying Or. Rev. Stat. 238.082(4), the statute creating the exception pursuant to which the District was authorized to hire PERS pensioners to full-time positions."

4 - ORDER

F&R at 8. Defendant objects to this description because, in defendant's view, defendant did not make this argument. I disagree. Magistrate Judge Papak fairly characterized defendant's position regarding the adoption of the 2008 policy. Defendant's objection appears to be directed not at the Magistrate Judge's description of defendant's argument in this regard, but to his later conclusion that the policy went further than necessary to implement the provisions of Oregon Revised Statute § (O.R.S.) 238.082 and thus undermined the reasons defendant proffered in support of the policy's adoption. As discussed below, Magistrate Judge Papak did not err.

After concluding that defendant met its burden to show a "legitimate, nondiscriminatory reason" for the purposes of the McDonnell Douglas analysis, Magistrate Judge Papak then examined the third burden-shifting factor: whether plaintiffs produced evidence that defendant's "proferred reason" for the 2008 hiring decisions was pretextual. F&R at 13, 20-22. Given that the legitimate, nondiscriminatory reason relied on by defendant was the existence of the facially neutral 2008 policy which defendant argued was adopted without evidence of discriminatory animus, Magistrate Judge Papak considered the various arguments and evidence which would tend to show that the policy was not adopted for the reasons articulated by defendant. See F&R at 20-22.

Defendant's first "general" objection to the F&R is that Magistrate Judge Papak analyzed the wrong pretext evidence. Defendant argues that Magistrate Judge Papak failed to properly analyze whether the 2008 hiring decisions were motivated by discriminatory beliefs because instead of analyzing whether the district administration "would have accepted the plaintiffs' applications 'but-for' their age, or whether some other reason, like the revised 'retirement of staff' policy, caused it to reject the plaintiffs' applications[,]" Def's Objs. to F&R at 7, Magistrate Judge

5 - ORDER

Papak erroneously analyzed whether the adoption of the policy by the school board was a pretext for discrimination. This, defendant argues, was error.

According to defendant, the relevant "pretext" evidence should have been direct or circumstantial evidence showing that the superintendent, despite relying on the policy, was in fact motivated by age discrimination. I disagree. Employment discrimination law has long recognized that a plaintiff can show pretext by providing evidence demonstrating that a defendant's proffered legitimate, nondiscriminatory reasons is not believable. An employment discrimination plaintiff is not required to show, at the pretext stage, that the defendant was actually motivated by discrimination.

A plaintiff may establish "pretext" in the third prong of the McDonnell Douglas formula, in two separate ways: "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." Chuang v. Univ. Ca. Davis Bd. of Trs, 225 F.3d 1115, 1127 (9th Cir. 2000); see also Shelley v. Geren, 666 F.3d 599, 609 (9th Cir. 2012) (quoting and applying this statement from Chuang in an age discrimination case). Thus, although an age discrimination plaintiff must ultimately establish that age was a "but-for" cause of the adverse action at issue, F&R at 12, and that the defendant was actually motivated by age discrimination, an age discrimination plaintiff survives summary judgment by showing, at this stage of the McDonnell Douglas analysis, either direct evidence of age discrimination or that the employer's proffered explanation is unbelievable.

On summary judgment, when a plaintiff establishes that a defendant's proffered reason for its action is a pretext for discrimination, plaintiff creates an inference that defendant was actually

6 - ORDER

motivated by discrimination. Whether a plaintiff can successfully establish that motivation later at trial is another issue. The inference is enough to defeat summary judgment.

Here, as shown above, defendant's proffered explanation in support of its 2008 hiring decisions is that it relied on a facially valid policy which was adopted or implemented based on legitimate, nondiscriminatory reasons. In response, to establish a question of pretext sufficient to preclude summary judgment, plaintiffs provided evidence tending to show that the 2008 policy was not adopted or implemented for the reasons defendant contended. If plaintiffs' circumstantial evidence, viewed in a light most favorable to plaintiffs, the non-moving parties, suggested that defendant's proffered explanation was "unworthy of credence," plaintiffs met their burden. Defendant's reliance on the validity of the policy as its legitimate, nondiscriminatory reason shifted the burden to plaintiffs to show that the validity of the policy is suspect, which in turn is shown by evidence suggesting that the reasons defendant articulated for the adoption of the policy are not believable.

Magistrate Judge Papak relied on the following in reaching his conclusion that plaintiffs had established pretext sufficient to defeat summary judgment as to the 2008 hiring decisions: (1) defendant offered different reasons at different times for adopting the 2008 policy; (2) the 2008 policy was inconsistent with defendant's stated reason of desiring to increase control over its hiring decisions; (3) the 2008 policy went beyond what was necessary to implement the provisions of O.R.S. 238.082; and (4) district administrators, who had previously urged plaintiffs to retire and receive their PERS pension because it would be a "win-win" for them to continue teaching with full salary and simultaneously receive their pension, later urged the district's school board to adopt the 2008 policy because of the need to "infuse [the District] with new blood" and

7 - ORDER

to allow "young teachers," who "had more energy," to "bring new energy to the District."  F&R at 21-22.

Each of the reasons cited by Magistrate Papak undermines defendant's contention that the 2008 policy was adopted for legitimate, nondiscriminatory reasons.  As indicated above, because defendant relies on the alleged legitimate, nondiscriminatory motives in adopting the 2008 policy, evidence showing that these motives lack credibility establishes pretext.  Magistrate Judge Papak did not err.

Defendant's second "general objection" goes to Magistrate Judge Papak's reliance on the actions of the district administrators in urging the school board to adopt the 2008 policy, as described above, as evidence of pretext.  Earlier in the F&R, Magistrate Judge Papak noted that "age discrimination may be found where a supervisory employee without age bias makes the decision to take an adverse action against a plaintiff" with the influence or involvement of a biased subordinate employee.  F&R at 12 (citing Poland v. Chertoff, 494 F.3d 1174, 1182 (9th Cir. 2007)).  Although he did not cite to Poland later in the discussion of the district administrators' actions, it seems that Magistrate Judge Papak's point was that in addition to the other reasons cited for disbelieving defendant's reasons for adopting the 2008 policy, the district school board's decision to adopt the 2008 policy was influenced by district administrators who themselves held an anti-age bias.

According to defendant, the traditional "cat's paw" theory of liability involves a biased subordinate accomplishing his or her discriminatory goals by "duping" his unbiased superior into taking an adverse employment action.  Defendant objects to the reliance on a "cat's paw" theory in this case because here, the "subordinate" administrators convinced the school board to adopt a

policy, not to take an adverse employment action, and because eventually the subordinate, not the superior, took the adverse employment action.

That the facts here do not perfectly align with the facts in previous "subordinate bias liability" cases is not a basis for rejecting the application of the theory. It is important to note, again, that defendant itself relies on the reasons behind the adoption of the 2008 policy in support of its argument that the 2008 policy is a legitimate, nondiscriminatory basis for its actions. As explained above, evidence tending to show that those reasons are not believable assists plaintiff in establishing pretext. One such reason is that district administrators, who themselves made statements which may be construed as exposing an anti-age bias, urged the board to adopt the policy, suggesting that the board may have been influenced by an impermissible motive. No additional analysis by Magistrate Judge Papak was required to show that the record allowed for the inference that the reasons for adopting the policy proffered by the district were not reliable.

The question is whether the 2008 policy, while facially neutral, was adopted in an effort to discriminate against PERS retires, either because the school board itself desired that effect and/or because it was influenced by district administrators who desired that effect. The Magistrate Judge did not err in relying on the district administrators' actions in determining that the reasons defendant articulated in support of the policy's adoption were not credible.[1]

---

[1] Additionally, the "cat's paw" cases typically address issues of causation, not whether a legitimate, nondiscriminatory basis for an asserted action is pretextual. E.g., Staub v. Proctor Hosp., 131 S. Ct. 1186 (2011) (in analyzing the circumstances under which an employer may be held liable for employment discrimination based on the discriminatory animus of an employee who influenced, but did not make, the ultimate employment decision, Court discussed principles of agency and common law tort causation); Poland, 494 F.3d at 1181-84 (discussing issue in context of a case of retaliation, not discrimination, which requires the plaintiff to establish a causal link between protected activity and an adverse employment action). Here, Magistrate Judge Papak looked at the administrators' statements and actions only in the context of

9 - ORDER

In its third "general objection," defendant argues that Magistrate Judge Papak erred by bringing "into question the District board's motivations in enacting the revised 'retirement of staff' policy." Def.'s Objs. to F&R at 16. According to defendant, because Magistrate Judge Papak made the board's motivation an issue, he "unwittingly opened a Pandora's box of complicated issues" which the F&R did not address. Id. Defendant then focuses on the question of whether judicial inquiry into a legislative body's motivation is proper. Id.

Although school boards adopt certain policies for school districts, plaintiffs contend that school boards are not equivalent to state legislatures and thus, defendant's reliance on cases discussing judicial reluctance to delve into the motives of a state legislature are inapposite. I agree with plaintiffs. The authority of a school board is created by the Oregon Legislature which gives school boards limited powers. See O.R.S. 332.075. School boards typically comprise a limited number of members and because they are required to act in open, public meetings and keep and make available minutes of those meetings, examining the board's motive is not analogous to examining the acts of a state legislature which is made up of dozens of individuals, each whom may have a different motive for enacting any given piece of legislation.

More importantly, defendant itself put the motives of the school board at issue in arguing that the 2008 policy was a valid, legitimate, nondiscriminatory reason for the 2008 hiring decisions. E.g., Def.'s Mem. in Supp. of SJ Mot. at 17 ("the District has articulated other

---

determining whether the district's proferred basis for the adoption of the 2008 policy was a pretext for discrimination. As a result, there was no need to determine whether "but for" the administrators' influence, the board would not have adopted the 2008 policy. It was sufficient at the pretext stage that there was evidence suggesting that the board may have been influenced by biased administrators which in turn undermined the district's argument that the policy was adopted for legitimate reasons.

10 - ORDER

legitimate, non-discriminatory reasons for instituting the challenged policy[.]").  In contending that the board adopted the policy for various reasons, defendant created the need for the Magistrate Judge to examine evidence which could undermine those reasons.  The Magistrate Judge did not err.

Any other objections not specifically addressed are rejected.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings and Recommendation [#45] and therefore, defendant's motion for summary judgment [15] is denied is granted in part and denied in part.  Defendant's informal motion to strike is denied.

IT IS SO ORDERED.

DATED this ___2___ day of ___Oct___, 2012.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

11 - ORDER